IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Bagley, #175851, ) | |
| ) | Civil Action No. 5:11-2664-TLW-KDW |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Cecilia Reynolds, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

      Petitioner Bernard Bagley ("Petitioner" or "Bagley"), a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming he was unlawfully denied parole in violation of the Americans with Disabilities Act ("ADA"). ECF No. 1. On December 5, 2011, Respondent Cecilia Reynolds, Warden ("Respondent") filed a Motion for Summary Judgment, arguing Petitioner is not entitled to federal habeas relief because he has not exhausted existing state remedies. Further, Respondent argues Petitioner's denial of parole did not violate the ADA. ECF No. 15.  Petitioner responded to Respondent's motion on January 25, 2012. ECF No. 33.

      Respondent argues Petitioner "has failed to bring this issue before [South Carolina's Administrative Law Court ("ALC"),]" ECF No. 15-1 at 3, but has not provided documentation in support of that argument. In his response, Petitioner attaches copies of several ALC pleadings that he submits indicate he brought the issue before the ALC. *See* ECF No. 33 and exhibits. He notes Respondent has "failed to file copies of the state court record upon [which] its denial of parole was reached and the appeal which [Petitioner] filed

in state court . . ." *Id.* at 2. He also submits Respondent has not filed relevant material as required by Habeas Rule 5. *Id.*[1]

No later than **June 7, 2012**, Respondent is ordered to furnish the following additional materials to the court by filing them in the court's Electronic Case Filing system ("ECF") and serving Petitioner with same:

1. Transcript of Petitioner's September 9, 2010 hearing before the parole board;

2. Relevant documents from the ALC and/or other South Carolina courts concerning Petitioner's attempt to address issues related to his denial of parole with the ALC, including, but not necessarily limited to the following:

    a. Document(s) concerning denial of Petitioner's request for reconsideration/rehearing;
    b. Petitioner's Notice of Appeal to the ALC, dated on or around March 15, 2011;
    c. The ALC's dismissal of Petitioner's notice of appeal as being untimely or outside the ALC's jurisdiction, dated on or around April 5, 2011.

*See* Rule 5(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 ("The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished."); *see also id.* at Rule 5(d) (respondent is to file relevant appellate court briefs, opinions, orders in responding to petition).

IT IS SO ORDERED.

May 23, 2012                                                                                  Kaymani D. West
Florence, South Carolina                                                       United States Magistrate Judge

---

[1] Petitioner refers to Rule 5 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. These rules also may be applied to petitions for habeas corpus not filed pursuant to 28 U.S.C. § 2254. *See id.* at Rule 1(b)."