IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Bagley, #175851,<br><br>               Petitioner,<br><br>vs.<br><br>Cecilia Reynolds, Warden KCI,<br><br>               Respondent. | Civil Action No. 5:11-2664-TLW-KDW<br><br>REPORT AND RECOMMENDATION |

Petitioner, Bernard Bagley ("Petitioner" or "Bagley"), is an inmate in Kershaw Correctional Institution serving a sentence of life imprisonment for murder. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion for Summary Judgment. ECF No. 15. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion, ECF No. 20, and Petitioner filed a response in opposition to Respondent's motion, ECF No. 33. A review of the record revealed that Respondent had not provided all of the state court records regarding the parole hearing and decision, Petitioner's request for reconsideration, and Petitioner's appeal of the decision. Therefore, the court entered an order on May 23, 2012, requiring Respondent to furnish the relevant records. ECF No. 35. Respondent complied and filed copies of the requested state court records on June 1, 2012. ECF No. 38. On June 14, 2012, Petitioner filed a document styled as "Motion Rules 5 and 7 (Habeas Corpus) and Supplemental Response," in which he requested additional documentation from his September 2010 parole hearing. ECF No. 41. On June 18, 2012, Respondent filed a Motion to Dismiss, ECF No. 42, triggering the service of another *Roseboro* order, ECF No. 43. Petitioner timely filed a Response in opposition to the

Motion to Dismiss. ECF No. 45. These motions were referred to the undersigned United States Magistrate Judge for pretrial handling in accordance with the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C. Accordingly, the undersigned enters this Report and Recommendation for the court's review.

I. Factual and Procedural Background

On April 12, 1991, Petitioner was convicted for the murder of his estranged wife. At the time Petitioner committed the offense, South Carolina law provided that a person serving a life sentence for murder was eligible for parole upon the service of 20 years.

Petitioner initially appeared before the Parole Board on September 8, 2010. He was denied parole on September 9, 2010, on account of the following: 1) nature and seriousness of the current offense; 2) an indication of violence in this or a previous offense; and, 3) a use of a deadly weapon in this or a previous offense. *See* Pet'r's Notice of Appeal, ECF No. 38-2. After receiving the notice of rejection, Petitioner delivered a request for reconsideration to the Parole Board. *Id.* Before receiving a response from the Parole Board, Petitioner filed a "Belated Notice of Appeal" dated March 14, 2011, with the South Carolina Administrative Law Court ("SCALC"). *Id.* On April 15, 2011, the SCALC filed an order dismissing the appeal as untimely because it had not been filed within 30 days of the September 9, 2010 denial of parole. ECF No. 33-3.

Upon receipt of Petitioner's request for reconsideration of the Parole Board's September 2010 decision, on April 13, 2011 the Parole Board reopened Petitioner's file and heard his request for rehearing. ECF No. 38-3. After reexamination of the parole file, the Parole Board decided that the reasons for reconsideration "would not affect the decision of the Parole Board if they were to rehear your case." *Id.* The Parole Board denied Petitioner's request for rehearing by

letter dated April 14, 2011. *Id.* In September 2011, a subsequent appeal filed by Petitioner was returned because the SCALC allows only one parole appeal per year, and Petitioner had already filed an appeal on March 15, 2011. ECF No. 33-5.

II. Discussion

A. Federal Habeas Issues and Respondent's Motion for Summary Judgment

Petitioner raises the following issues in his federal petition for a writ of habeas corpus, quoted verbatim:

> **Ground One**: My prior parole proceedings on 9/8/10 was not complied to the requirements of the American Disability Act (ADA).
>
> Supporting FACTS: Upon information and belief, the parole program and SCDPPPS [South Carolina Department of Probation, Parole and Pardon Services] receives federal financial assistance, and I am an individual with a military service-connected disability, whereby I am qualified for the participation in the parole program, but I was denied by the parole board based on the parole examiner's recommendation that I did not comply with ADA on 9/8/10.
>
> **Ground Two**: Upon information and belief, SCDPPPS made me ineligible for parole determined by §24-21-610, and §24-21-640.
>
> Supporting FACTS: SCDPPPS made an unreasonable or grossly arbitrary and capricious decision that I have not reform; will not obey the law in the future; nor lead a correct life; and that the interest of society will be impaired under §24-21-640, S.C. Code Ann.
>
> **Ground Three**: SCDPPPS has made me ineligible for consideration for parole as determined by §16-25-90, and 24-21-645(D), S.C. Code Ann.
>
> Supporting FACTS: SCDPPPS suggested that I contact an attorney for advice on how to proceed. However, I cannot afford the cost for an attorney. Also, the SCDPPPS records indicate that in 1999 that there was sufficient evidence provided to qualify.

B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.

3

R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C. Habeas Corpus

1. Section 2241 Generally and Exhaustion Requirement

Generally, a habeas petitioner must present his claims to an appropriate forum before filing his petition in this court. This requirement of exhaustion is largely unavoidable. *Ex parte Hawk*, 321 U.S. 114, 117 (1944). "Unlike petitions brought under [28 U.S.C.] § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under Section 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief.") (internal quotation marks omitted). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007); *see* 28 U.S.C. § 2254(b).[1]

---

[1] Section 2254(b) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the

5

Under the procedure established by the South Carolina Supreme Court in *Al-Shabazz v. State*, inmates challenging "non-collateral and administrative matters" must proceed through the SC Department of Correction's grievance procedures, then seek review with the SCALC. *Al-Shabazz v. State*, 527 S.E.2d 742, 754 (S.C. 2000). Review of parole decisions is through the SCALC. *James v. S.C. Dept. of Prob., Parole and Pardon Servs.*, 656 S.E.2d 399, 400-03 (S.C. App. 2008). To obtain judicial review of the SCALC's final decision, the inmate may file an appeal with the South Carolina Court of Appeals and then with the South Carolina Supreme Court. S.C. Code Ann. § 1-23-610, Rule 242, SCACR.

2. Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

---

State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3. Cause and Actual Prejudice

This court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

The undersigned finds that Petitioner has not shown cause or prejudice related to his failure to follow procedural rules set forth by the state of South Carolina. Petitioner "asserts that he exhausted all state remedies when the [SCALC] erroneously dismissed his appeal because it 'lacks jurisdiction over this matter.'" ECF No. 33 at 1. As a basis for his failure to exhaust, Petitioner cites a July 21, 2011 order from the South Carolina Supreme Court prohibiting Petitioner from filing documents seeking "an extraordinary writ or to invoke [the] Court's original jurisdiction unless they are signed and filed by an attorney." *Id.*; ECF No. 33-4. Petitioner should have appealed the April 15, 2011 decision of the SCALC to the South Carolina Court of Appeals. The court notes that, had Petitioner filed an appeal in a timely manner, his appeal would have been filed prior to the Supreme Court of South Carolina's July 21, 2011 order

that Petitioner argues prevented him from exhausting his claim. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted.

    4. Merits Review

Even if Petitioner's grounds were properly before this court he would not be entitled to relief.

    a. Ground One

In Ground One Petitioner asserts that his September 2010 parole proceedings did not comply with the ADA. The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Petitioner asserts that he has a military-service-connected disability and qualifies for participation in the parole program, but was denied parole in violation of the ADA. Petitioner argues that the Parole Board excluded him "from a meaningful consideration for parole with prescription substance abuse history," ECF No. 33 at 2, and he was treated unfavorably because of his history of bipolar disorder, ECF No. 33 at 3. In response to Respondent's Motion for Summary Judgment, Petitioner provided a 2006 decision of the Department of Veteran Affairs ("VA") finding that Petitioner's service-connected lumbosacral strain merited a 20 percent disability rating. ECF No. 33-6 at 1. The VA also noted that medical records from the South Carolina Department of Corrections ("SCDC") indicated Petitioner was diagnosed with bipolar disorder, but there was "no clinical evidence or opinion based on medical principles which

relates a bipolar disorder to the service connected disability of lumbosacral strain" and denied Petitioner's claim for service-connected disability. ECF No. 33-6 at 2.

As Respondent argues, Petitioner presented no evidence to the Parole Board that he is currently disabled. Based on the hearing transcript provided to the court, Petitioner did not raise the issue of disability before the Parole Board.[2] Petitioner and his sister addressed the Parole Board and both mentioned Petitioner's October 2009 psychological evaluation that found him not to be a threat to himself or others. ECF No. 38-4 at 2. Petitioner stated that he wanted to be released so that he could take care of his parents, and enroll in college. *Id.* At no time did Petitioner assert that he suffered from bipolar disorder or any other disability. The undersigned finds there is no indication that the Parole Board acted improperly under the ADA in its decision to deny Petitioner parole. In addition, upon Petitioner's request for reconsideration, the Parole Board stated it reexamined Petitioner's parole file and determined there was no need to rehear Petitioner's case. ECF No. 38-3.

    b. Grounds Two and Three

Grounds Two and Three of the Petition are based on perceived violations of state law. ECF No. 1 at 8-9. Specifically, in Ground Two Petitioner asserts that SCDPPPS made him ineligible for parole determined by SC Code Ann. § 24-21-610 and § 24-21-640. Section 24-21-610 sets forth the computation for parole eligibility and § 24-21-640 outlines the criteria that the parole board should consider when determining whether an inmate may be paroled. In Ground Three Petitioner asserts that SCDPPPS made him ineligible for consideration for parole as

---

[2] Petitioner asserts that the transcript submitted to the court is not the "true" transcript of the proceedings. He opposes the document based on the description of the board members who were (or were not) present and because the transcript is unsworn. ECF No. 41. Petitioner does not dispute the portions of the transcript containing his statement and the statement of his sister.

determined by S.C. Code Ann. § 16-25-90 and § 24-21-645(D). Section 16-25-90 considers parole eligibility based on evidence of domestic violence and § 24-21-645(D) sets forth the review schedule following denial of parole of prisoners confined for violent crimes. These claims involve state law "and federal courts in habeas corpus cases cannot consider questions of state law or procedure." *Bagley v. Warden, Kershaw Corr. Inst.*, C/A No. 2:07-cv-1470-PMD-RSC, 2008 WL 2199098, at *21 (D.S.C. May 27, 2008) (citing *Estelle v. McGuire*, 502 U.S. 62 (1991); *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Chance v. Garrison*, 537 F.2d 1212 (4th Cir. 1976); *Grundler v. North Carolina*, 283 F.2d 798 (4th Cir. 1990)). Grounds Two and Three do not state cognizable claims for habeas relief.

    D.  Respondent's Motion to Dismiss

Following Respondent's court-ordered supplementation of the record, Petitioner filed a document titled "Motion Rules 5 and 7 (Habeas Corpus) and Supplemental Response" which the court construed as a Reply to Respondent's pending Motion for Summary Judgment. *See* ECF No. 41. Respondent then moved to dismiss Petitioner's "motion," arguing that the information ordered by the court is "sufficient for a determination regarding the merits of the original petition." ECF No. 42. Petitioner filed a response to the motion to dismiss, asserting that the information submitted to the court is inaccurate and "excludes information of an individualized risk assessment of future dangerousness of him by not taking into account his disabilities under Title II of the ADA . . . ." ECF No. 45 at 1. Petitioner's response asks the court to take notice that he is "mov[ing] for an injunction pursuant to Rule 65(a)(1)(2)(b), Federal Rules of Civil Procedure" seeking to have "the parole officials perform an individualized risk assessment of suitability upon eligibility for parole; afford him access to his records in advance to contest the

evidence against him; and to prevent repetition and recurrence because of the negative entries of this case in his record that could still cause injury, which will reduce his chances for parole." ECF No. 45 at 1, 4.

Injunctive relief requires a party to demonstrate that (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Upon the undersigned's review of his pleadings, declarations, and evidence, Petitioner has not established entitlement to relief under the factors set out in *Winter*. As detailed above, the undersigned recommends granting Respondent's Motion for Summary Judgment, making it plain that Petitioner is unlikely to be successful in the underlying dispute. Petitioner also has not convinced the undersigned that he will suffer irreparable injury if he is not granted a preliminary injunction, nor has he established that the balance of equities tips in his favor or that an injunction is in the public interest. Therefore, the undersigned recommends denying any request for a preliminary injunction found to be contained in Petitioner's pleadings.

Because the undersigned recommends dismissing the Petition because Petitioner failed to exhaust his administrative remedies, Respondent's Motion to Dismiss should be considered moot.

III. Conclusion

The undersigned has considered each of Petitioner's grounds for habeas corpus relief and concludes that Petitioner's claims are procedurally barred because Petitioner failed to properly exhaust them. Even if considered on the merits, Petitioner is not entitled to a writ of habeas

corpus from this court. Accordingly, for the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment, ECF No. 15, be GRANTED and the habeas petition be DISMISSED with prejudice. If the court accepts this recommendation, all other pending motions will be moot.

    IT IS SO RECOMMENDED.

July 19, 2012                                                                    Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**