IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Bernard Bagley, # 175851, | ) | C.A. No. 5:11-2664-TLW-KDW |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| Cecilia Reynolds, Warden KCI, | ) | |
| Respondent. | ) | |

A petition for a writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court by the *pro se* Petitioner. (Doc. # 1). This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D. West, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In her Report, Magistrate Judge West recommends that the Respondent's motion for summary judgment be granted, and that the § 2241 Petition in the above captioned case be dismissed with prejudice. (Doc. # 46). The Report further notes that if this Recommendation is accepted all other pending motions will be moot. Petitioner has filed objections to the Report. (Doc. # 48).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny

1

entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 46), Petitioner's objections are **OVERRULED** (Doc. # 48); the Respondent's motion for summary judgment is **GRANTED** (Doc. # 15), and the § 2241 Petition in the above captioned case is **DISMISSED** with prejudice. In light of the Court's acceptance of the Report and Recommendation, all other pending motions are now **MOOT**.

## CERTIFICATE OF APPEALABILITY

With regards to a certificate of appealability, the governing law provides that:

(c) (2)    A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
(c) (3)    The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate

2

of appealability is denied.

        **IT IS SO ORDERED.**

                                      s/ Terry L. Wooten
                                          TERRY L. WOOTEN
                                  UNITED STATES DISTRICT JUDGE

August 22, 2012
Florence, South Carolina