IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Bernard Bagley, # 17851 | ) | C/A No.: 5:11-cv-2664-TLW-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Cecilia Reynolds, Warden KCI, | ) | |
| | ) | |
| Respondent | ) | |
| _____ | ) | |

## ORDER

On December 5, 2011 Cecilia Reynolds ("Respondent") filed a Motion for Summary Judgment. (Doc. #15). The Magistrate Judge entered a Report and Recommendation on July 19, 2012, recommending the Respondent's Motion for Summary Judgment be granted because Petitioner's claims are procedurally barred, and even if Petitioner's claims are considered on the merits, Petitioner is not entitled to a writ of habeas corpus from this Court. (Doc. #46). On August 22, 2012, this Court accepted the Report, granted the Respondent's Motion for Summary Judgment, and denied a Certificate of Appealability. (Doc. # 51).

This matter is now before the Court for consideration of Petitioner's Motion to Alter or Amend filed on September 21, 2012 and docketed as a Motion for Reconsideration. The Petitioner asserts his case should have been "dismissed without prejudice." (Doc. # 54).

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard under which a District Court may grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1)

1

to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403 (internal citations omitted). "Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (internal citation omitted).

Based upon the undersigned's review of the record in this case, the Petitioner fails to show any intervening change in controlling law, account for any new evidence, or show clear error of law or manifest injustice. Therefore, Petitioner's Motion to Reconsider made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is **DENIED**. (Doc. # 54). To the extent that the Petitioner is requesting reconsideration of the Court's previous order denying a Certificate of Appealability, the Petitioner's Motion is **DENIED**. (Doc. # 55).

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

October 22, 2012
Florence, South Carolina